UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TERRI JO ALEXANDER and JEFFREY G. POWERS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| GEORGIA RENEWABLE POWER, LLC; GRP FRANKLIN, LLC d/b/a GRP FRANKLIN I, LLC; VEOLIA ENERGY OPERATING SERVICES, LLC; and JOHN DOE CORPORATION 1-20, | ) ) ) ) ) ) ) |
| Defendants. | ) |

Civil Action No. _____

## NOTICE OF REMOVAL

Please take notice that under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Georgia Renewable Power, LLC and GRP Franklin, LLC d/b/a GRP Franklin I, LLC (collectively, the "GRP Defendants") hereby remove the above-captioned action from the Superior Court of Franklin County, State of Georgia, to the United States District Court for the Middle District of Georgia, Athens Division. In support of the removal, the GRP Defendants state as follows:

1.  The GRP Defendants, Veolia Energy Operating Services, LLC ("Defendant Veolia"), and John Doe Corporation 1-20 (collectively, the "Defendants") are named defendants in a civil action brought against them in the Superior Court of Franklin County, State of Georgia, Civil Action File No. 20FV0399W.

2.  The GRP Defendants remove this case based on federal diversity jurisdiction. Under 28 U.S.C. § 1332, the U.S. District Courts have original jurisdiction over all actions between citizens of different states where the matter in controversy exceeds $75,000.00.

1

3. Complete diversity of citizenship exists in this case because the named defendants are not citizens of the same state as plaintiffs.

4. Plaintiffs Terri Jo Alexander and Jeffrey G. Powers ("Plaintiffs") are joint owners of real estate involved in this action located in Franklin County, Georgia. (*See* Plaintiffs' Complaint [Compl.] ¶ 1). Plaintiffs live at their property in Franklin County, Georgia. (*Id.* ¶ 2). Accordingly, Plaintiffs in this action are domiciled in Georgia.

5. GRP Franklin, LLC is a limited liability company organized and existing under the laws of the state of Delaware. GRP Franklin, LLC has one member: GRP Borrower, LLC.

6. GRP Borrower, LLC is a limited liability company organized and existing under the laws of the state of Delaware. GRP Borrower, LLC has one member: GRP Holdco, LLC.

7. GRP Holdco, LLC is a limited liability company organized and existing under the laws of the state of Delaware. GRP Holdco, LLC has one member: GRP Operating, LLC.

8. GRP Operating, LLC is a limited liability company organized and existing under the laws of the state of Delaware. GRP Operating, LLC has one member: Georgia Renewable Power, LLC.

9. Defendant Georgia Renewable Power, LLC is a limited liability company organized and existing under the laws of the state of Delaware. Defendant Georgia Renewable Power, LLC has two members: Greenfuels Energy, LLC and Poultry Power USA-Plant #2, LLC.

10. Greenfuels Energy, LLC is a limited liability company organized and existing under the laws of the state of Delaware. Greenfuels Energy, LLC has one member: F. Raymon Bean. Mr. Bean is domiciled in Florida.

11. Poultry Power USA-Plant #2, LLC is a limited liability company organized and existing under the laws of the state of North Carolina. Poultry Power USA-Plant #2, LLC has one member: Poultry Power USA, LLC.

12. Poultry Power USA, LLC is a limited liability company organized and existing under the laws of the state of Delaware. Poultry Power USA, LLC has one member: Green Frontiers Energy Group, LLC.

13. Green Frontiers Energy Group, LLC is a limited liability company organized and existing under the laws of the state of Florida. Green Frontiers Energy Group, LLC has two members: August Partners, LLC and Quadrant Management, Inc.

14. August Partners, LLC is a limited liability company organized and existing under the laws of the state of Florida. August Partners, LLC has two members: Scott DeSano and Hugh Connerty, Jr. Mr. DeSano and Mr. Connerty are domiciled in Florida.

15. Quadrant Management, Inc. is a Delaware corporation with a principle place of business in New York.

16. Defendant Veolia is a limited liability company organized and existing under the laws of the state of Delaware. Veolia has one member: Veolia Energy North America Holdings, Inc., which is a Delaware corporation with a principal place of business in Massachusetts.

17. Defendant John Doe Corporation 1-20 are fictitious defendants and their citizenship is not considered when determining diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Walker v. CSX Transp. Inc*., 650 F.3d 1392, 1396 n.11 (11th Cir. 2011) ("[T]hat the fictitious defendants were likely Georgia citizens did not destroy

3

complete diversity because § 1441(a) requires that fictitious 'named' parties be disregarded for purposes of diversity jurisdiction.").

18. Because Plaintiffs and Defendants are residents of different states, the diversity-of-citizenship requirement is satisfied.

19. The amount in controversy is likewise satisfied as Plaintiffs' admitted in their Responses to Defendant Georgia Renewable Power, LLC's First Request for Admissions to Plaintiffs that they seek in excess of $75,000.00 for their claims. (*See* Plaintiffs' Responses to Defendant Georgia Renewable Power, LLC's First Request for Admissions to Plaintiffs [RFA] ¶¶ 1-2).

20. For the reasons discussed above, the present action is a matter over which this Court has original jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1441(a), a defendant may remove any state court action over which the U.S. District Courts have original jurisdiction to the U.S. District Court for the district and division embracing the place where the action is pending. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441(a).

21. Removal is timely under 28 U.S.C. § 1446(b)(3). "[I]f the case started by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, . . . of a copy of an amended pleading, motion, order, or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under (b)(3)." *Id.* § 1446(c)(3)(A).

22. The state court action was filed by Plaintiffs on November 23, 2020. Defendant Georgia Renewable Power, LLC was served on December 2, 2020. On December 30, 2020, Defendant GRP Franklin, LLC d/b/a GRP Franklin I, LLC acknowledged and waived service. This case was not removable when the initial pleading was filed because the amount in controversy was not specified in or readily deducible from Plaintiffs' Complaint. (*See* Compl. ¶¶ 24, 26, 37, 39, 41-47).

23. Defendant Georgia Renewable Power served its First Request for Admissions to Plaintiffs on February 3, 2021. Plaintiffs served their responses to the same on April 2, 2021. Plaintiffs admitted they seek in excess of $75,000.00 for their claims; thereby, Defendant Georgia Renewable Power first ascertained the case had become removable on April 2, 2021. By filing this Notice of Removal on April 30, 2021, removal is timely.

24. Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders to date in the state court proceeding are attached as **Exhibit A.**

25. Under 28 U.S.C. § 1446(d), the GRP Defendants will promptly give written notice of this Notice of Removal to Plaintiffs' counsel and counsel for Defendant Veolia and file a copy of the same with the Clerk of the Superior Court of Franklin County, State of Georgia. A copy of the Notice of Filing Notice of Removal to Federal Court is attached as **Exhibit B.**

26. Defendant GRP Franklin joins in on this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

27. Under 28 U.S.C. § 1446(b)(2)(A), Defendant Veolia consents to this removal. Defendant Veolia's Notice of Consent is attached hereto as **Exhibit C**.

Respectfully submitted this the 30th day of April, 2021.

[Signature on following page]

*/s/M. Anne Kaufold-Wiggins*
Hugh B. McNatt
Georgia Bar No. 498300
hmcnatt@balch.com
M. Anne Kaufold-Wiggins
Georgia Bar No. 142239
awiggins@balch.com
Hugh Peterson III
Georgia Bar No. 574212
hpeterson@balch.com
Whitney Della Torre
Georgia Bar No. 433364
wdellatorre@balch.com
Brittany Temple
Georgia Bar No. 627292
btemple@balch.com
**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

Edwin Schwartz
Georgia Bar No. 631037
**SWEETNAM & SCHWARTZ**
1050 Crown Pointe Parkway, Suite 500
Atlanta, Georgia 30338
Telephone: (470) 395-7842
Facsimile: (770) 234-6779
ess@mseslegal.com

*Attorneys for Defendants Georgia Renewable Power, LLC and GRP Franklin, LLC d/b/a GRP Franklin I, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of April, 2021, a copy of the foregoing has been served via statutory electronic service as follows:

Michael D. McRae
Virginia Barrow Harman
Jason B. Sanker
John F. Lee Niedrach
Linton S. Johnson, III
**McRAE, SMITH, PEEK, HARMAN & MONROE, LLP**
111 Bridgepoint Plaza, Suite 300
Rome, Georgia 30161
mmcrae@msp-lawfirm.com
vharman@msp-lawfirm.com
jsanker@msp-lawfirm.com
lniedrach@msp-lawfirm.com
ljohnson@msp-lawfirm.com

David A. Dial
Stephen J. Rapp
J. Alexander Prescott
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
ddial@wwhgd.com
srapp@wwhgd.com
jprescott@wwhgd.com

         */s/M. Anne Kaufold-Wiggins*
         M. Anne Kaufold-Wiggins
         Georgia Bar No. 142239